IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERNESTO LOPEZ-MORALES,
A208 115 321,

Petitioner,

vs.

LORETTA LYNCH,
JEFF CHARLES JOHNSON,
RICARDO A. WONG,
and WARDEN,

Respondents.                                        Case No. 16-cv-53-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

Ernesto Lopez-Morales is currently detained at the Tri-County Detention Center in Ullin, Illinois. On January 19, 2016, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), in order to challenge his continuous detention by Immigration and Customs Enforcement officials since October 9, 2015. (Doc. 1 at 2). Lopez-Morales contends that he is not subject to mandatory detention under 8 U.S.C. § 1226(c), and his continued detention without a bond hearing violates his right to due process of law. (Docs. 1, 4). He seeks a fair bond hearing and release from unlawful detention. (Doc. 1 at 11).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition (Doc. 1) and supporting brief (Doc. 4), the Court concludes that the petition warrants further review.

## I.     Habeas Petition

The underlying facts of this case are sketchy at best. Lopez-Morales omits basic background information from his pleadings. The Court has done its best to piece together the underlying facts and procedural posture of this case from the petition and supporting brief. This information is far from clear, but is expected to come to the fore as this case progresses.

Lopez-Morales alleges that he is a native and citizen of Mexico. (Doc. 1 at 3). He entered the United States as an immigrant minor on an undisclosed date. He now resides in this country with his parents, wife, and children. (*Id.*).

On February 22, 2008, he was convicted of manufacturing and delivering cannabis. (*Id.* at 4). He served a 180-day sentence and was released. More than seven years later on October 9, 2015, he was taken into custody by Immigration and Customs Enforcement Officials and denied a bond hearing. Lopez-Morales claims that removal proceedings are currently pending. He is "still in the process of fighting his immigration case." (*Id.* at 2). He offers little information about the procedural posture of the immigration case in his petition, but states that "ICE has [been] unable to remove the [p]etitioner to Mexico or any other country" to date. (*Id.* at 3).

Lopez-Morales argues that he is not subject to mandatory detention during his pending removal proceedings under 8 U.S.C. § 1226(c).[1]  He claims that § 1226(c) requires the government to take an alien into immigration custody "when the alien is released" from criminal custody, and this means "immediately upon release" and not seven years later.  (*Id.* at 4-5).

Lopez-Morales asks this Court to find that the mandatory detention provision under § 1226(c) does not apply here, where there was a significant temporal gap between his criminal and immigration custody.  He instead asks this Court to find that § 1226(a) controls his case and grants the government "deference and discretion as to whether an individual is either detained pending removal proceedings or released on bond."  (*Id.* at 6).  Lopez-Morales asserts that his continued mandatory detention violates his procedural and substantive due process rights.  (*Id.* at 10-11).  He now seeks a fair bond hearing and immediate release from custody.  (*Id.* at 11).

## II.   Discussion

Dismissal of the petition is not appropriate at screening.  The district court has subject matter jurisdiction over habeas petitions challenging the constitutionality of § 1226(c).  *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1015 (7th Cir. 2004).  Given the challenges to § 1226(c) and the due process concerns

---

[1] Section 1226(c) requires the Attorney General to take into custody aliens the Government has charged as being removable because they have been convicted of certain crimes or are reasonably suspected of terrorism.  *See* 8 U.S.C. § 1226(c)(1).  Aliens who fall into these categories are ineligible for an individualized bond hearing, where they may establish that they are not dangerous or a flight risk, unless their release is necessary for cooperation in a criminal investigation.  8 U.S.C. § 1226(c)(2).

raised in petition, the Court finds that further review of this matter is warranted.

With that said, Lopez-Morales has named several respondents who are not proper. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level ICE officials or the Attorney General. *Id.* Accordingly, all respondents other than the Warden of the Tri-County Detention Center will be dismissed from this case.

### III. Disposition

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 shall receive further review.

**IT IS FURTHER ORDERED** that Loretta Lynch (Attorney General), Jeff Charles Johnson (Department of Homeland Security Secretary), and Ricardo Wong (Immigration and Customs Enforcement Chicago/Southern District of Illinois Field Office Director) are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Tri-County Detention Center shall answer the petition within thirty (30) days of the date this Order is entered.[2] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Warden, Tri-County Detention Center, 1026 Shawnee

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the court of this litigation is a guideline only.

College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution and pursuant to Federal Rule of Civil Procedure 4(i), the Clerk is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration and Customs Enforcement.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petition is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  2/12/2016

Digitally signed by
Judge David R. Herndon
Date: 2016.02.12
14:45:39 -06'00'

**United States District Court**