IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERNESTO LOPEZ-MORALES,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Civil No. 16-cv-053-DRH-CJP ) |
| **WARDEN of IMMIGRATION DETENTION FACILITY,** | ) ) ) ) |
| Respondent. | ) |

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is now before the Court on respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot. (Doc. 18).

### Relevant Facts and Procedural History

Ernesto Lopez-Morales filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE). According to respondent, petitioner is a native and citizen of Mexico who entered the United States illegally on an unknown date. In 2008, he was convicted of a drug offense in Illinois. In 2015, ICE took him into custody and initiated removal proceedings. Petitioner contested the removal proceedings, and a final order had not been entered as of the date of respondent's answer. See, Doc. 9.

The §2241 petition asserts that petitioner was not properly subject to mandatory detention under 8 U.S.C. §1226(c), and his continued detention without a bond hearing violates his right to due process of law. The relief sought

1

is a fair bond hearing and release from unlawful detention.

Respondent moves to dismiss because petitioner has now been released from custody on March 22, 2016. See, Alien Booking Record, Doc. 18, Ex. 1.

## Analysis

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). That is the situation here. Petitioner has received the relief sought, i.e., release from ICE custody.

## Conclusion

Respondent's Motion to Dismiss (Doc. 18) is **GRANTED**.

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1)

is moot.  This action is **DISMISSED WITHOUT PREJUDICE**

    **IT IS SO ORDERED.**

Signed this 15th day of April 2016

Digitally signed by Judge David R. Herndon
Date: 2016.04.15 11:36:13 -05'00'

**United States District Court**